# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZERAIACOB KIDANE,<br><br>    Appellant,<br><br>    v.<br><br>USA,<br><br>    Appellee. | Case No. 2:15-cv-01080-RFB-CWH<br><br>ORDER |

## I. INTRODUCTION

Before the Court comes Appellant Zeraiacob Kidane's ("Appellant") appeal of a conviction entered by the magistrate judge.

## II. BACKGROUND

On January 2, 2014, Appellant drove his wife to the Nellis Air Force Base ("the Base") in Las Vegas, Nevada, and attempted entry onto the Base allegedly for the purpose of obtaining medical treatment at the O'Callaghan Hospital. After presenting identification to the guard at the gate, located near Craig Road and Salmon Drive, Appellant and his wife were detained and ultimately denied entry onto the Base.[1] Prior to this incident, Appellant and his wife both received debarment letters signed by the Base Commander, prohibiting them from entering the Base for a specified period of time. Appellant's letter stated in part: "if you are entitled to medical treatment at Base Medical Facilities, you may enter the base for the sole purpose of obtaining medical treatment. To do so, you must present this letter to the security forces personnel at the main gate

---

[1] The Court hereinafter refers to the gate at this intersection as the "Landings gate," the name used by the parties during trial.

and obtain the appropriate visitor pass." (ECF No. 13 at 12). Appellant's letter also stated that if he failed to comply with the terms of the letter, he would be held in violation of 18 U.S.C. § 1382. Appellant and his wife admitted that they received the letters prior to January 2, 2014, and Appellant had his letter in his possession when he and his wife approached the Landings gate that day.

On November 19, 2014, Appellant was charged with a violation of 18 U.S.C. § 1382 for entering military, naval, or coast guard property. Magistrate Judge Carl W. Hoffman held a bench trial on the matter on December 3, 2014.[2] Magistrate Judge Hoffman found Appellant guilty of the charge. On March 13, 2015, Appellant filed a Motion to Set Aside Verdict. Magistrate Judge Hoffman heard the motion on March 19, 2015, and denied the motion. Also on March 19, 2015, the magistrate judge sentenced Appellant to two years supervised probation with conditions of supervision and imposed a $300.00 fine and a $10.00 assessment.

On March 25, 2015, Appellant filed a Notice of Appeal in the magistrate judge case. The case was assigned to this Court on June 8, 2015. Appellee USA ("Appellee") filed a Motion to Dismiss on September 22, 2015. (ECF No. 4). Appellant filed a Response on March 9, 2016. (ECF No. 7). The Court held a hearing on the motion on August 18, 2016 and denied the motion without prejudice. (ECF No. 12). On September 20, 2016, Appellant filed his Opening Brief. (ECF No. 13). Appellee filed its Answering Brief on October 4, 2016. (ECF No. 14).

### III.   LEGAL STANDARD

Federal Rule of Criminal Procedure 58 governs petty offense and misdemeanor cases tried by magistrate judges and appealed to district judges. "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. Proc. 58(g)(2)(B).

Following a bench trial, the appellate court reviews the findings of fact for clear error, and conclusions of law are reviewed *de novo*. Oswalt v. Resolute Indus., Inc., 642 F.3d 856, 860 (9th

---

[2] Appellant and his wife, Dee Kidane, were both tried for the same charge. Mrs. Kidane was found not guilty and is not a party to the instant appeal.

Cir. 2011). "Under th[e] [clear error] standard, [the appellate court] may not reverse just because [it] 'would have decided . . . differently.'" Cooper v. Harris, 137 S. Ct. 1455, 1465 (2017) (quoting Anderson v. Bessemer City, N.C., 470 U.S. 564, 573 (1985)). "A finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern.'" Id. A finding of clear error may result when "although there is evidence to support [a finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574.

> 18 U.S.C. § 1382 provides:
> Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or
>
> Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—
>
> Shall be fined under this title or imprisoned not more than six months, or both.

**IV.     DISCUSSION**

Appellant contends that he was not trespassing when he attempted to gain access to the Base and take his wife to O'Callaghan Hospital, and therefore the magistrate judge's conviction should be reversed. In Appellant's view, the debarment letter specifically allowed Appellant to access the Base for medical treatment at base medical facilities. He contends that, although he was not personally seeking medical treatment, he was permitted to drive onto the Base for his wife's access to the hospital, as she did not have a driver's license and could not drive. Appellant additionally argued that he believed the Landings gate could have been the main gate, for the purposes of following the instructions in the debarment letter.

In response, Appellee asks the Court to focus on the clear error standard of review applicable to this appeal. Appellee argues that Appellant's opening brief does not mention the

standard of review, but rather attempts to re-litigate the facts presented at trial. Appellee contends that the Court has no avenue to re-evaluate *de novo* the magistrate judge's findings of fact.

Appellee is correct that the Court must engage in a deferential review of the magistrate judge's findings of fact. The Court has reviewed the trial record, and finds that Magistrate Judge Hoffman did not commit clear error in making factual findings. Magistrate Judge Hoffman first found that the Appellant's debarment letter set forth clear instructions that required Appellant to enter at the "main gate" in order to gain entry onto the Base for the purpose of receiving medical treatment. The magistrate judge then found that Appellant attempted entry at a gate other than the main gate, and made no effort to contact the security officer at the gate to request entry. Further, the magistrate judge found that the evidence and testimony regarding Mrs. Kidane's supposed medical emergency was not credible.

These factual findings are not clearly erroneous. Although Appellant testified and argued in the briefing that he believed the gate he approached on January 2, 2014 could have been the main gate, the Court is not left with a definite and firm conviction that the magistrate erred in finding that the gate Appellant attempted to enter was not the "main gate." Additionally, the magistrate judge did not commit clear error in finding that Appellant made no effort to contact the security officer at the gate to explain the nature of Appellant's visit and demonstrate full compliance with the debarment letter. Based on testimony in the record, Appellant called the Base several months prior to seek permission for entry. The records supports a finding that Appellant knew that he was required to inform Base personnel about the nature of his visit in order to access Base facilities, but failed to do so on January 2, 2014. Finally, there is no clear error in the magistrate judge's determination that the alleged medical emergency was not credible. Magistrate Hoffman found the testimony of the government witnesses credible with regard to the actions and statements made by the Kidanes upon their arrival to the Base on January 2, 2014. The magistrate judge's factual findings are not clearly erroneous and therefore will not be reversed.

Based upon the factual findings at trial, the magistrate judge concluded that Appellant was guilty of violating 18 U.S.C. § 1382. Appellant's proffered legal arguments in the opening brief all involve the Court's determination of the facts presented at trial. As the Court finds no clear

error with the magistrate judge's factual findings, and Appellant presents no other persuasive legal argument, the Court also affirms the magistrate judge's ultimate legal conclusion. The Court briefly notes that Appellant's reliance on <u>Flower v. United States</u> is inapposite. 407 U.S. 197 (1972). Appellant cannot analogize his circumstances with those of the petitioner in <u>Flower</u>. In that case, the Supreme Court reversed the Section 1382 conviction of an individual that was distributing leaflets on a public street that served as an "important traffic artery" within the limits of military property. 407 U.S. at 197. Here, Appellant was barred from entering the Base, with one exception, and the magistrate judge did not err in finding that Appellant failed to meet the requirements of that exception. Whether Appellant arrived to the Landings gate via a public road is irrelevant for the purposes of this appeal.

**V. CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Appellant's conviction is AFFIRMED.

DATED: <u>June 4, 2018</u>.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**